UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

LARRANCE MAJOR CLAY,            ) 5:16CV0525
                               )
           Petitioner          )
                               )
     v.                        ) JUDGE PATRICIA GAUGHAN
                               ) (Mag. Judge Kenneth S. Mchargh)
                               )
MICHELE MILLER,                )
           Warden,             )
                               )
                               )
           Respondent          ) REPORT AND
                               ) RECOMMENDATION

McHARGH, MAG. JUDGE

The petitioner Larrence Major Clay ("Clay") has filed a petition pro se for a

writ of habeas corpus, arising out of his 2013 convictions for murder, and having a

weapon while under disability, in the Summit County (Ohio) Court of Common

Pleas.  (Doc. 1.)  In his petition, Clay raises four grounds for relief, verbatim:

> 1. Violation of the 14th Amend. of the U.S. Const. & Art. 1, 6 &10 of
> the Ohio Const.
>
> 2. [That fatal variance existed between Indictment & Evidence at
> trial, when the State relied upon an unsigned statement as its
> Material Evidence during the Grand Jury proceeding.][1]
>
> 3. [Petitioner did not testify during his trials [Aggravated/Murder], dur
> to fear of the shooter].

---

[1] Clay did not fill in the habeas form for "Ground Two," but provided the
quoted "supporting facts."  The same is true for the third and fourth grounds.

> 4. [The State cannot provide a signed statement by my father, Larry Major Clay to which is a requirement when relying on a statement as "Material Evidence."]

(Doc. 1, § 12.) At this point in the proceedings, the court has received Clay's petition, but the respondent's Return of Writ is not due until July 29, 2016. See doc. 6, and Marginal Order (granting same) of March 27, 2016.

Currently before the court is petitioner's "Motion for Summary Judgment pursuant to Civil Rule 52(C) and Motion for a Judgment on the Pleadings pursuant to R. 12(C)." (Doc. 7.) "Clay contends that there are no genuine issues of material facts which remains to be litigated." (Doc. 7, at 1.) Clay asserts that he filed an "Affidavit Inquiry under Fed. Civ. R. 27" on March 21, 2016, and because there was no response to this filing, he is entitled to judgment. (Doc. 7, at [2]; see also doc. 3.)

The respondent's Return of Writ is not yet due, thus the respondent is not in default. The court notes that habeas relief is not granted simply because a prisoner files a petition for a writ of habeas corpus. Rather, the court considers the petition, and the briefings filed by the parties pro and con, before making a recommendation on the relief sought. 28 U.S.C. § 2254(d).

Clay is incarcerated under a 2013 state court conviction, which this court must presume valid until otherwise shown. As the Sixth Circuit has noted, "the public has a right of protection against the release of convicted criminals except where violations of constitutional rights have been established." Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970), cert. denied, 400 U.S. 906 (1970); see also

2

Mahaday v. Cason, 222 F.Supp.2d 918, 922 (E.D. Mich. 2002), aff'd, No. 05-1785, 2007 WL 1310158 (6th Cir. 2007), cert. denied, 552 U.S. 1198 (2008) (citing cases).

The burden to show that he is in custody in violation of the Constitution is on the petitioner.  Allen, 424 F.2d at 138.  The Sixth Circuit has found that default judgments are not available in habeas corpus proceedings.  Allen, 424 F.2d at 138; Mahaday, 222 F.Supp.2d at 921-922 (citing cases); see also Ruiz v. Cady, 660 F.2d 337, 340 (7th Cir. 1981) (reversing grant of petition; default judgment without full inquiry into merits especially rare).

The motion for summary judgment (doc. 7) should be denied.

## RECOMMENDATION

It is recommended that the motion for summary judgment (doc. 7) be denied.

Dated:  June 3, 2016              /s/ Kenneth S. McHargh
                                 Kenneth S. McHargh
                                 United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).