UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Larrence Major Clay, | ) | CASE NO. 5:16 CV 525 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Michele Miller, Warden | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

**Introduction**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Ruiz (Doc. 18) which recommends denial of the Petition for Writ of Habeas Corpus pending before the Court. Petitioner filed objections to the recommendation. For the following reasons, the Report and Recommendation is ACCEPTED.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any

1

proposed finding or recommendation."

**Discussion**

Petitioner was indicted by a Summit County Grand Jury in 2012 for one count of aggravated murder with a firearm specification, one count of murder with a firearm specification, and one count of having weapons while under disability. At Petitioner's first jury trial, a jury found him guilty of having weapons while under disability and not guilty of aggravated murder, but it was unable to reach a verdict on the murder count. The court declared a hung jury. At Petitioner's second jury trial, a jury found him guilty of murder and the accompanying firearm specification. The Report and Recommendation discusses Petitioner's state court proceedings.

Petitioner's federal habeas petition asserts four grounds for relief. The Magistrate Judge noted that all four grounds are procedurally defaulted but did not recommend dismissing the petition on this basis because Respondent did not argue that any of the grounds for relief are procedurally defaulted. The Magistrate Judge, however, found that Grounds One and Four are not cognizable in federal court. Even if they were cognizable, he concluded that they were not supported by the evidence presented in the state court proceedings. The Magistrate Judge found that Ground Two failed on the merits because Petitioner did not show that a constructive amendment or variance to his indictment occurred at trial. The Magistrate Judge found that Petitioner waived Ground Three because he did not set forth any argument or facts developing it. As such, the Magistrate Judge recommended dismissing the petition.

The only specific portion of the Report and Recommendation that Petitioner addresses in his Objection is related to the Magistrate Judge's discussion of an alleged statement by

Petitioner's father:

> As best this Court can decipher, Petitioner states that sometime after the shooting, police officers arrived at his residence and found him smelling of bleach. When officers inquired why Petitioner smelled of bleach, Petitioner responded that his father had asked him to clean the tub. Clay takes issue with a police report suggesting that Clay's father denied asking his son to clean the tub. Despite the Court's extensive review of the briefs and the State court filings, it is not entirely clear whether Clay's position is that his father never made such a statement or whether Clay is simply arguing that the State could not produce written documentation that such a statement was made.

(R&R at 11-12) (citations omitted). The Magistrate Judge noted that Petitioner did not submit any evidence that the State presented his father's statement as evidence at the second trial, the trial for which Petitioner was convicted of murder. In any event, the Magistrate Judge concluded that the issue was moot, or at the very least insignificant, because particles highly indicative of gunshot primer residue were found on Petitioner's washcloth and shorts. Thus, regardless of which theory Petitioner was presenting, he failed to show that his conviction was contrary to or involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented.

In his Objection, Petitioner clarifies that his position is that his father "never made any statement concerning this case." (Objection at 3). As the Magistrate Judge explained, however, this issue is irrelevant because Petitioner has presented no evidence that his father's alleged statement was presented at his second trial and the positive presence of gunshot residue renders moot the issue of why Petitioner was wet and smelling of bleach not long after the shooting.

Petitioner has raised no other specific objections to the Report and Recommendation. Thus, for the reasons stated herein and in the Magistrate Judge's Report and

3

Recommendation, Petitioner's Objection is overruled.

**Conclusion**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, which is incorporated herein, the Petition for Writ of Habeas Corpus is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 7/14/17